**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raymond Thomas LURZ, Jr.,**
**Defendant-Appellant.**

No. 79–5324
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1980.

Ed Leinster, Orlando, Fla., for defendant-appellant.

Gary L. Betz, U. S. Atty., John E. Lawlor, III, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

Raymond Thomas Lurz, appeals his conviction on one count of conspiracy under 21 U.S.C. § 846 to manufacture phencyclidine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), one count of interstate travel to promote an unlawful activity, in violation of 18 U.S.C. §§ 1952(a)(3) and 2, and one count of attempt to manufacture phencyclidine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and § 846 and 18 U.S.C. § 2.

Appellant argues: (1) that he was denied a speedy trial in violation of 18 U.S.C. § 3161 et seq., and the 6th amendment; (2) that the district court erred in permitting a codefendant to testify as to his conversations with another codefendant; (3) that the evidence established entrapment as a matter of law; (4) that he was denied a fair trial because codefendant Dennis Witt testified before the jury that he had pleaded guilty to charges arising out of the same transaction; and (5) that the evidence was insufficient to sustain a conviction on any count. The first four claims of appellant were also raised by codefendant Paul Arthur Noll, and were decided adversely to him by a panel of this court in *United States v. Noll*, 600 F.2d 1123 (5th Cir. 1979). We agree and affirm those points on the basis of that decision.

Appellant's final claim is that the evidence was insufficient to sustain a conviction on any count. The facts of this crimi-

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

nal episode are set out in *Noll*. Appellant reasons that Mullins' statement to Harrell (that Mullins and others planned to make PCP) was inadmissible, so there was insufficient evidence to show that PCP was made. He argues that he, Noll, and Witt could have intended to use the chemicals present to make something else. However, Mullins' statement was properly admitted. There was sufficient evidence to show an attempt to make PCP. *See United States v. Noll*, at 1129. Evidence that appellant was present with Mullins to accept the PMB from Harrell, that appellant transported the PMB from Maryland to Florida, and that appellant joined with Noll and Witt to attempt to make PCP is sufficient to show that appellant conspired to make PCP. Evidence that appellant transported the PMB across the Maryland-North Carolina state line, together with the evidence of attempt, was sufficient to sustain the conviction for traveling in interstate commerce to promote an unlawful activity.

Appellant having failed to meet his burden of demonstrating reversible error, the judgment is AFFIRMED.